UNITED STATES of America, Plaintiff–Appellee,

v.

Horace HALL, Jr., Defendant–Appellant.

No. 92–8486.

United States Court of Appeals, Eleventh Circuit.

July 27, 1993.

Rise Weathersby, Federal Defender Program, Inc., Atlanta, GA, for defendant-appellant.

John G. Malcolm, Asst. U.S. Atty., Atlanta, GA, for plaintiff-appellee.

Before BLACK and CARNES, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

Appellant, Horace Hall, Jr., was charged in a twenty-four count superseding indictment with wire fraud. He pled guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343. He was sentenced to fifty-one months incarceration, followed by three years supervised release. In this appeal, Hall contends that the district court made three errors in determining his sentence. First, Hall contends that the district court incorrectly included in its determination of relevant conduct the amount of fraud losses that were caused by others. Second, Hall argues that the district court improperly enhanced his sentence because he represented to the victims that he was acting on behalf of a governmental agency. Finally, Hall asserts that the district court incorrectly adjusted his sentence because he was the leader or organizer of five or more persons. For the reasons stated below, we affirm.

## I. FACTUAL BACKGROUND

Appellant and other participants, who were separately indicted, were involved in a fraudulent scheme in which they would contact potential victims and identify themselves as the owner or president of a company. They would then inform the victim that he or she had won a large cash prize, usually between $10,000 and $25,000. The victim was then told that, before the prize could be sent, he or she would have to wire money, via Western Union, in order to pay the taxes on the prize. The various participants in this scheme, although acting on their own behalf, aided and abetted one another by sharing lead sheets of potential victims and sharing telephones. Each of the participants knew

each other and each was aware of the activities of the others.

The district court found a base offense level of six and increased that base level by eight points because of the specific offense characteristic that the loss exceeded $200,-000. The offense level was further increased by two points because the offense involved more than minimal planning and another two points because the offense involved a misrepresentation that the Defendant was acting on behalf of a government agency. Finally, the court enhanced the offense level by four points because the Defendant was the organizer or leader of a criminal activity involving five or more participants or was otherwise extensive. The court sentenced the Appellant, within the guideline range, to a term of fifty-one months incarceration, followed by three years supervised release.

## II. STANDARD OF REVIEW

■ All of the issues presented by this appeal are questions of law. Interpretation of the sentencing guidelines is subject to *de novo* review. *United States v. Goolsby*, 908 F.2d 861, 863 (11th Cir.1990).

## III. DISCUSSION

■ Appellant first contends that the district court erred by including in its finding of relevant conduct the amount of fraud losses caused by other participants in this scheme. According to the Appellant, each of the participants was acting on his or her own behalf and he should not be held accountable for the fraud perpetrated by others. The district court, at sentencing, found that the government had proven by a preponderance of the evidence that the Appellant was involved in a conspiracy and that he should be held responsible for the losses caused by the other conspirators because the amount of those losses was reasonably foreseeable.

The district court's factual determinations that the Appellant was operating in concert with the other participants and that the amount of the losses exceeded $200,000 are not at issue here. The only issue is whether those findings support the district court's application of section 1B1.3(a) to adjust the

Appellant's offense level. Section 1B1.3(a) of the United States Sentencing Guidelines (U.S.S.G. or Sentencing Guidelines) states that the

> specific offense characteristics ... shall be determined on the basis of the following:
> (1)(B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity.

The plain language of section 1B1.3(a) clearly indicates that the Appellant was correctly held accountable for the amount of loss attributable to the other participants involved in the common scheme.

■ Appellant's second contention is that the district court erred by adjusting his offense level because he represented that he was acting on behalf of a government agency. The fraudulent scheme in this case involved the Appellant contacting potential victims and informing them that they had won a cash prize. The victims were informed that, in order to receive their prize, they must send the Appellant money to cover the taxes on the prize. Although the district court explicitly stated that "none of these defendants so far as I know said they worked for the Internal Revenue Service or any other tax collecting agency," it held that the Appellant's story that he was collecting taxes on the prize made the upward adjustment applicable.

U.S.S.G. § 2F1.1(b)(3) states: "If the offense involved (A) a misrepresentation that the defendant was acting on behalf of ... a government agency ... increase by 2 levels." In this case, the offense involved the misrepresentation that the Appellant was collecting gift taxes on a cash award. The Appellant's misrepresentation that he was collecting taxes is analogous to an employer who withholds taxes from employee's paychecks, or a casino or racetrack that is required to withhold a certain percentage from winnings for taxes. The collection of taxes, gift or otherwise, must by definition be on behalf of a govern-

ment agency. Taxes are simply not collected for the benefit of anyone other than government agencies. The fact that Appellant did not represent that he was employed by a government agency is not determinative of this issue. The plain language of the § 2F1.1(b)(3) directs that the enhancement apply to this case.

Appellant's final argument involves the district court's findings that, counting the Appellant, there were five participants that he organized or led and that the criminal activity was otherwise extensive because there were many other unwitting participants. Specifically, the Appellant contends that there were only four other participants that he organized or led and that the district court's inclusion of the Appellant in the calculation of number of participants was in error. We need not reach this argument because the upward adjustment is fully supported by the district court's alternative finding that the criminal activity was otherwise extensive.[1]

■ Sentencing Guideline § 3B1.1(a) states: "If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels." The district court's finding that the criminal activity was otherwise extensive is sufficient to support the enhancement whether or not there were five participants. The statement of § 3B1.1(a)'s requirements in the disjunctive indicates the finding in this case that there were five participants was unnecessary to the validity of the adjustment. In this case, the Appellant has not challenged the finding that the activity was otherwise extensive.

Accordingly, the Appellant's sentence is AFFIRMED.

---

1. We note that Appellant's argument, that he should not have been counted in the calculation, is foreclosed by this Court's recent decision in *United States v. Marshall,* 976 F.2d 658, 658 (11th Cir.1992) ("We find it proper to include the defendant when counting the individuals involved in the criminal activity."), *cert. denied,* —— U.S. ——, 113 S.Ct. 1657, 123 L.Ed.2d 276 (1993).